IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ERLENE LAHAPA ICHIMURA, trustee of the Erline Luka Lahapa Cabrinha Living Trust dated January 29, 2009, | ) ) ) ) | CIVIL. NO. 11-00318 SOM/RLP ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER DENYING LEAVE TO FILE AMENDED COMPLAINT |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | |
| DEUTSCHE BANK NATIONAL TRUST CO., Trustee of the Harborview Mortgage Loan Trust, Series 2006-14; ONEWEST BANK, FSB; ENLOE ENTERPRISES, INC.; PRIVATE CAPITAL GROUP, INC.; PARKER ENLOE; and ANDREW SHIRLEY, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |
| _____ | ) | |

**ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER**
**DENYING LEAVE TO FILE AMENDED COMPLAINT**

**I.      INTRODUCTION.**

Before the court is Plaintiff's appeal of a Magistrate Judge's order of June 28, 2013, denying Plaintiff's motion for leave to file an Amended Complaint.  The court affirms that thorough and well-reasoned order.

**II.     BACKGROUND FACTS.**

The facts of this case have been set forth in the court's orders of May 16 and June 28, 2013.  Those facts are incorporated by reference.  The court summarizes relevant facts below.

On May 18, 2011, Plaintiff Erlene Lahapa Ichimura, the sole trustee of the Erlene Luka Lahapa Cabrinha Living Trust dated January 29, 2009, filed the original Complaint in this action.  Ichimura claimed that Cabrinha, now deceased, was defrauded by Defendants Enloe Enterprises, Inc., Private Capital Group, Inc., Parker Enloe, and Andrew Shirley (collectively, the "Enloe Defendants") in connection with a mortage refinancing. Ichimura alleged that the Enloe Defendants convinced Cabrinha to refinance her existing mortgage and take cash out, then stole the equity she had built up.  After the refinancing, Cabrinha transferred her real property into her trust.

Although the original Complaint sought rescission of the loan, it lacked any factual allegations concerning the lender's conduct that might have justified rescission of the loan, other than a bald statement that Enloe Enterprises had acted as an agent of the original lender, Express Capital Lending.

On June 12, 2012, the court issued a Rule 16 scheduling order for this case.  That scheduling order stated, "All motions . . . to amend the pleadings shall be filed by November 23, 2012."  See ECF No. 35, ¶ 5.  No motion to amend the Complaint was filed by that date.

Pages 15 to 16 of the court's order of May 16, 2013, which granted summary judgment in favor of Defendants, stated

2

that Plaintiff had "fail[ed] to demonstrate any conduct on the part of the original lender that justifie[d] rescission of the loan under any count in the Complaint."  The court noted that the Complaint's allegations instead focused solely on the original lender's alleged agency relationship with the Enloe Defendants.

In footnote 2 on page 13 of the of the court's order of May 16, 2013, the court noted that the Opposition to the motion for summary judgment argued that the Bank Defendants in this case had violated Hawaii's Unfair and Deceptive Acts and Practices ("UDAP") laws, chapter 480 of Hawaii Revised Statutes, by not giving Plaintiff a loan modification.  Because no such claim was made in the original Complaint, the court ruled that it was not properly before it.

Page 21 of the court's order of May 16, 2013, stated that the court was refraining from entering judgment in this matter "to allow Ichimura to file a motion that requests leave to file any motion Ichimura feels is necessary, including a motion seeking leave to file an Amended Complaint that prays for rescission of the loan based on the original lender's conduct or damages based on settlement negotiations.  The court expresses no inclination as to how any such motion should be decided."

On June 6, 2013, Plaintiff filed a motion to amend her Complaint.  The proposed First Amended Complaint contains numerous allegations concerning the original lender's wrongful

conduct.  It also alleges that Shirley told Cabrinha that he was working for the original lender.  The proposed First Amended Complaint seeks to assert 1) claims for rescission based on the original lender's conduct, 2) claims that the current lender and servicer violated UDAP laws by purchasing a defective loan, and 3) claims against the current lender and servicer for violations of UDAP laws in the form of refusing to modify the loan.

Plaintiff's motion argues that the proposed claims were inadvertently omitted from the original Complaint or arose after its filing.  Plaintiff implies that she did not seek leave to amend earlier because ongoing settlement discussions put the case "on hold."  Plaintiff claims that the Bank Defendants knew about the proposed claims as early as December 2012 (after the Rule 16 scheduling order deadline), when Plaintiff's expert report was sent to them.

On June 28, 2013, the Magistrate Judge denied Plaintiff's motion for leave to file the proposed First Amended Complaint.  The Magistrate Judge reasoned that Plaintiff had not even attempted to amend the scheduling order.  Nevertheless, the Magistrate Judge treated the motion to amend as one to amend the scheduling order.  Because Plaintiff failed to show good cause for having failed to timely seek to amend the scheduling order, the Magistrate Judge denied the request.

With respect to the claims that the original lender committed acts justifying rescission and that the current Bank Defendants knew or should have known of defects in the loan when they purchased the loan, the Magistrate Judge ruled that Plaintiff had been dilatory in seeking leave to amend.  That is, Plaintiff had the facts underlying these claims at the time the original Complaint was filed, but failed to timely assert the claims.  With respect to the failure to modify the loan claim, the Magistrate Judge noted that Plaintiff knew of that conduct before the deadline to file a motion seeking leave to amend the pleadings.

In addition, allowing amendment would necessitate reopening discovery, and discovery had closed on April 26, 2013. The Magistrate Judge ruled that the prejudice to the Bank Defendants if discovery were reopened was an additional reason to deny the motion.

**III.      STANDARD.**

Under Local Rule 74.1 and 28 U.S.C. § 636(b)(1)(A), a district judge may set aside a magistrate judge's nondispositive order if it is "clearly erroneous or contrary to law."  See Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1414-15 (9th Cir. 1991).  The threshold of the "clearly erroneous" test is high.  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the

definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); Burdick v. Comm'r Internal Revenue Serv., 979 F.2d 1369, 1370 (9th Cir. 1992) ("A finding of fact is clearly erroneous if we have a definite and firm conviction that a mistake has been committed.").

IV.      **ANALYSIS.**

When a district court files a pretrial scheduling order pursuant to Rule 16 of the Federal Rules of Civil Procedure, the "good cause" standard set forth in that rule governs amendment of pleadings. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. Johnson, 975 F.2d at 609. In other words, this court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Id. Although the existence or degree of prejudice to the party opposing the modification might supply an additional reason to deny a motion to modify a scheduling order, the focus of the inquiry is on the moving party's reasons for seeking modification. Id. "If that party was not diligent, the

inquiry should end." <u>Id.</u> <u>Accord</u> <u>In re W. States Wholesale Nat'l</u>
<u>Gas Antitrust Litigation</u>, 715 F.3d 716, 737 (9th Cir. 2013).

      Plaintiff fails to demonstrate that the Magistrate
Judge clearly erred in denying her leave to file the proposed
First Amended Complaint because the scheduling order was not
modified.  Nor is there any dispute that, with respect to the
proposed claims that the original lender committed acts
justifying rescission and that the current Bank Defendants knew
or should have known of defects with the loan when they purchased
the loan, Plaintiff knew of the facts underlying those claims at
the time the original Complaint was filed.  Plaintiff's failure
to timely assert claims based on those facts was not justified.
At best, Plaintiff implied that she had not sought amendment
because she did not want to affect settlement discussions.  That
Plaintiff did not want to run up fees or complicate settlement
discussions by filing an amended complaint does not demonstrate
diligence with respect to her failure to timely assert known
claims.  The Magistrate Judge correctly determined that Plaintiff
had not shown "good cause" for modifying the Rule 16 scheduling
order's deadline regarding amendment of pleadings.  Plaintiff
therefore fails to demonstrate that the Magistrate Judge clearly
erred as to this point.

      Plaintiff's claimed "reasonable belief" that the
original Complaint contained the unpled claims does not equate

with "good cause" for purposes of determining whether she was dilatory in seeking to amend the Complaint. As noted above, although the original Complaint made the bald statement that Enloe was the original lender's agent, there were no factual allegations supporting that claimed agency relationship or facts describing any wrongful conduct on behalf of the original lender. Thus, although the original Complaint sought rescission, the Bank Defendants were certainly not on notice that that rescission was based on the original lender's conduct. There was no "reasonable" basis for any belief that the original Complaint properly pled the claims in issue. Plaintiff's carelessness with respect to asserting these claims does not amount to "good cause" to amend the scheduling order. <u>Johnson</u>, 975 F.2d at 609.

Plaintiff is incorrect in arguing that the summary judgment order essentially amended the scheduling order. That order stated that the court would refrain from entering judgment "to allow Ichimura to file a motion that requests leave to file any motion Ichimura feels is necessary, including a motion seeking leave to file an Amended Complaint that prays for rescission of the loan based on the original lender's conduct or damages based on settlement negotiations. The court expresses no inclination as to how any such motion should be decided." The court said only that Plaintiff could file an appropriate motion with the Magistrate Judge before entry of judgment. The court

8

did not say the motion should be granted.  Moreover, even if the motion seeking leave to amend had been timely under Plaintiff's interpretation of the summary judgment order, denying the motion makes sense because of the prejudice to the Bank Defendants.

The original Complaint was filed on May 18, 2011.  More than two years later, on June 6, 2013, Plaintiffs sought to file her First Amended Complaint.  This was more than half a year after the scheduling order deadline for doing so.  This court's allowance of multiple amendments in other cases does not justify modification of the scheduling order in this case.  Here, the Bank Defendants would be prejudiced by the reopening of discovery in response to the proposed amended claims.  Although Plaintiff will be prejudiced by the court's refusal to allow her to modify the scheduling order, that refusal is based on Plaintiff's own lack of diligence.

Plaintiff also sought to amend her Complaint to add a claim that arose in October 2012, when Bank Defendants denied her request to modify the loan.  Plaintiff fails to show good cause to amend the Complaint to add this claim.  She knew of the facts underlying this claim in the month preceding the scheduling order deadline to amend pleadings.  She was not diligent when she failed to attempt to add this claim for many months.  This court declines to add new claims to this case, in which the discovery cutoff has past.  New claims would essentially restart this case.

9

Although the court declines to modify the scheduling order to allow Plaintiff to amend the present Complaint to add a claim regarding post-Complaint conduct as to good-faith settlement discussions, the court is not prohibiting Plaintiff from filing a new lawsuit based on post-Complaint conduct. This will reduce any potential prejudice to Plaintiff while allowing Plaintiff to immediately appeal this court's rulings in this case. To further reduce prejudice to Plaintiff, the court will waive the applicable filing fee for any complaint filed in this court in which Plaintiff asserts that Bank Defendants did not conduct settlement discussions in good faith when they refused to modify the loan in October 2012. Plaintiff must show the Clerk of Court a copy of this order if she files a new action in reliance on this fee waiver. The court also stresses that it is not here relieving Plaintiff of the effect of any statute of limitation or of any jurisdictional requirement.

**V.        CONCLUSION.**

The court affirms the Magistrate Judge's order of June 28, 2013, denying leave to file the proposed First Amended Complaint.

The Clerk of Court is ordered to enter judgment in favor of Defendants.

IT IS SO ORDERED.

DATED: Honolulu, August 29, 2013.



     /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge


Ichimura v. Deutsche Bank National Trust Co, et al., Civ. No. 11-00318 SOM/RLP; ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER DENYING LEAVE TO FILE AMENDED COMPLAINT